EDWARD C. MARTIN v. STATE OF MISSISSIPPI.

[47 South. 426.]

1. CRIMINAL LAW AND PROCEDURE.   *Code* 1906, § 1103.   *Deadly weapons
    Carrying concealed.   Indictment.   Evidence.*

   Under Code 1906, § 1103, making it a misdemeanor to carry con
   cealed, in whole or in part, any deadly weapon, an indictment,
   charging the carrying of such a weapon concealed, is proved by
   testimony showing its carriage concealed in part.

2. SAME.   *Amendment of indictment.   When not reversible error.*

   The allowance by the trial court of an immaterial amendment to
   an indictment is not reversible error.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

Martin, appellant, was. indicted, tried and convicted for
carrying a pistol concealed and appealed to the supreme court.
The facts pertinent to the decision are stated in the opinion of
the court.

*Martin & Frierson,* for appellant.

In order to constitute concealment, the weapen must be so
hidden from view as to put others off their guard.   *Carr v.
State,* 34 Ark. 448.

A pistol may be carried concealed in the hand, but more con- cealment is necessary than simply holding it in the hand, the test being whether it was discernible under ordinary observation. *Ramsey v. State,* 91 Ala. 29; *Street v. State,* 67 Ala. 87; *Williams v. Commonwealth,* (Ky.) 37 S. W. 680; *State v. Johnson,* 16 S. C. 187; *Smith v. State,* 96 Ala. 66; *Stockdalc v. State,* 32 Ga. 225.

In the case at bar the weapon was worn on the outside of the clothing, not the least attempt at concealment, discernible to the most casual observer, so that no one except a blind man could fail to see it, less of the weapon concealed than if it had been in his hand, in his shirt sleeves, with the scabbard hung to the waist band of his trousers and "about two inches of the scabbard down in the hip pocket." It is difficult to imagine how this pistol could have been more discernible unless suspended by a string from the end of a stick and held aloft. We do not think that such a wearing of this pistol as proved by the state with "about two inches" of the scabbard in the hip pocket was such a concealment, either "in whole or in part" as the law contemplates.

*George Butler,* assistant attorney general, for appellee.

Appellant did the act forbidden by the statute which makes the prohibited fact and not the intent criminal. *Strahan v. State,* 68 Miss. 347. He could not carry it thus even in his own home. *Wilson v. State,* 81 Miss. 404.

The statute was designed to prohibit the carrying of deadly weapons, except in plain open view. The one in this case was not so carried.

MAYES, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted in the circuit court of Claiborne county, under section 1103, Code 1906, for carrying concealed weapons. The original indictment, as returned by the grand jury, merely charged appellant with car-

rying concealed a deadly weapon, to-wit, a pistol. When the testimony was all in, it being proved by the testimony that the weapon was only partially concealed, the state asked leave to amend the indictment by inserting the words "in whole or in part," and the court allowed the amendment to be made. This is assigned as error. There are other assignments of error, but we do not deem them of sufficient importance to be discussed here.

Under the statute, the carrying of a concealed deadly weapon, in whole or in part, is made an offense; and under an indictment which merely charges the carrying of a concealed deadly weapon, if the proof show that it was only partially concealed, the offense designated by the statute is proved. The amendment was not necessary to sustain a conviction under the indictment. The amendment not being necessary, there was no reversible error in allowing it to be made. The use of the words in the statute, "in whole or in part," does not constitute any essential description of the offense named by the statute, but it is merely defining what is meant by concealment. In other words, if a person carry a deadly weapon, and only a part of it is concealed, the other part being visible, he is guilty of carrying a concealed weapon, within the meaning of the statute.

*Affirmed.*