BRADLEY, et al. *v.* STATE.

Division B. Nov. 6, 1950.

No. 37657 (48 So. (2d) 365)

**J. H. Stevens,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Holmes, C.**

The appellants were convicted on a joint indictment drawn in two counts, charging them in the first count with unlawfully transporting liquor, and in the second count with the unlawful possession of liquor. They prosecute this appeal, assigning as error the action of the trial court in overruling their motion for a new trial, based upon the ground that the judgment of conviction is contrary to the law and the competent evidence. By agreement, the case was tried by the judge, without the intervention of a jury, and upon an agreed statement of facts. The admitted facts are as follows:

On February 20, 1949, the sheriff of Greene County, Mississippi, obtained a valid search warrant to search the home of the appellant Alford for intoxicating liquor. The sheriff, in company with his deputies, went to the home of Alford for the purpose of executing the warrant. Upon his arrival at the home of Alford, neither of the appellants was present, but the wives of both appellants were at the home. The sheriff searched the home and found a quantity of whiskey therein. He took possession of the same and left the home and premises of the appellant Alford. This occurred about 10:30 o'clock p. m. on the night of the date of the issuance of the warrant. Later that night, about 3:00 o'clock a. m., the sheriff observed the truck of the appellant Bradley traveling along the highway in the direction of Alford's home. Bradley was driving the truck, and Alford was riding with him. The sheriff turned the lights of his car off and followed

Bradley and Alford to the home of Alford for the purpose of arresting Alford on the charge of possessing the liquor which had been discovered by the previous search. The truck of Bradley was driven into the yard of Alford's home, which yard was enclosed by a fence, and the sheriff followed the truck into the yard and then turned his car lights on and arrested the appellant Alford. The sheriff then smelled the odor of liquor emanating from Bradley's truck, and he searched the truck and found therein four gallons of whisky, including a one-gallon jug which Alford was holding and which had been broken. The sheriff then arrested Bradley and Alford for the unlawful possession of the liquor which was found in the truck.

The sheriff made two charges against Alford before a justice of the peace,—one for the unlawful possession of the whisky which was found in the home of Alford, and one for the unlawful possession of the whiskey which was found in the truck, and he also preferred a charge against Bradley in the justice of the peace court for the unlawful possession of the liquor which was found in the truck. Alford pleaded guilty to the charge of unlawfully possessing the liquor which was found in his home and paid the fine imposed by the court. The charge against Alford for the unlawful possession of the liquor found in the truck, and the charge against Bradley for the unlawful possession of the liquor found in the truck were dismissed by the court without prejudice. Thereafter the appellants were indicted by the grand jury for unlawfully transporting liquor and for the unlawful possession of liquor.

The appellants contend that after the search of Alford's home and premises, and the discovery of liquor therein, and the departure of the officer therefrom, the search warrant was functus officio, and that the officer was not authorized under the warrant to return to the premises of Alford for the purpose of arresting him,

and that therefore the search of Bradley's truck was unauthorized, and the evidence thereby procured was inadmissible. The fallacy of the contention of appellants is readily apparent. The search warrant authorized the officer to search the premises of Alford and to seize any liquor thereby discovered, and to arrest the person in possession thereof. The execution of the warrant was therefore not completed until the arrest of the person in possession of the liquor. The appellants concede that the warrant was returnable instanter. It was issued February 20, 1949, and at 10:30 o'clock on the night of the same date the home of Alford was searched and the liquor discovered, and in less than five hours thereafter, to wit: at 3 o'clock a. m., the execution of the warrant was completed by the arrest of Alford. This Court has held in the cases of Jordan v. State, 147 Miss. 24, 112 So. 590, and Jenkins v. State, 207 Miss. 281, 42 So. (2d) 198, that the service the next day of a search warrant returnable instanter is valid. The officer in the instant case may have waited on the premises of Alford to arrest him upon his return, or he may have left the premises and sought him out to arrest him. He chose to leave the premises and seek him out to arrest him, and upon seeing him in Bradley's truck proceeding to his home he was authorized to follow him to and on the premises of Alford and to arrest him in accordance with the command of the writ. The arrest followed within a period of less than five hours after the discovery of the liquor.

Appellants rely chiefly upon the case of Riley v. State, 204 Miss. 562, 37 So. (2d) 768, but the facts in that case are entirely different. In that case the liquor was discovered under a valid search warrant and the defendant was arrested and convicted and paid his fine, and a second search was thereafter attempted under the same warrant. This Court properly held that the second search was illegal because the writ was functus officio.

Here the officer entered Alford's premises the second time merely for the purpose of arresting him, and thus completing the execution of the writ in accordance with its command. ■■■ The officer being then lawfully upon the premises and smelling the odor of liquor emanating from Bradley's truck, he was afforded reasonable ground to believe that the appellants were unlawfully transporting liquor therein, and was therefore authorized to search the truck, and the evidence thereby procured was admissible. In the case of Reynolds v. State, 136 Miss. 329, 101 So. 485, it was held that an officer lawfully on the premises may testify to the facts then discovered by him. It is true, as was held in the case of Boyd v. State, 206 Miss. 573, 40 So. (2d) 303, that an officer is not authorized to search an automobile on private premises without a search warrant, but here the officer was lawfully on the premises of Alford under a valid search warrant. Bradley, not being the owner of the premises, could not complain of the presence of the officer thereon.

We therefore conclude that the search of Bradley's truck was legal, and that the evidence thereby procured was admissible. It follows that the judgment of conviction must be affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and, for the reasons therein indicated, the case is affirmed.