NEWTON *v.* STATE

No. 40552          November 18, 1957          98 So. 2d 116

*Howard Dyer, Jr.,* Greenville, for appellant.

*G. Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

McGEHEE, C. J.

The appellant, Jack Newton, was jointly indicted with Chaney Burt, alias Jim Burt, for the unlawful and felonious possession of a certain lot of tools, articles and instruments, described as being designed to aid in the commission of burglary. They were both convicted, and the appellant was sentenced to serve a term of five years in. the state penitentiary. The said Jack Newton has appealed.

The proof discloses, without dispute, that the automobile in which the defendants were riding at the time of their arrest, and in the trunk of which automobile the tools, articles and instruments in question were found, belonged to the defendant, Chaney Burt, alias Jim Burt; that at the time of their arrest the automobile of Burt was being driven through a "road block" set up by the officers, who had a warrant for the arrest of both of the defendants on charges of burglary and larceny; that the "road block" was being changed at the time; and that appellant, Jack Newton, was the only witness who testified for the defense at the trial. This witness, when testifying in his own behalf said: "The reason I was in Burt's company at the time he called me from Clarksdale and asked me to come over to Pine Bluff and look at some work he wanted to contract and I was working in Clarksdale at the time and the job was going to be finished up in about a week so I come over to see Burt about the work, and my wife and I drove to Pine Bluff together. Burt made some kind of arrangements at Greenville Air Base for some kind of work - - -" "- - He wanted to go to the Greenville Air Base to see about the work and we were in his car coming back to Greenville—I left my car at Lake Village with no luggage, no tools or anything else and I was in his car only about 20 minutes." So far as the record discloses, the witness, in saying "I was in his car only about 20 minutes," may have had specific reference to the occasion when he was arrested. The only alleged contradiction of his testimony is that one of the officers, as a witness for the State, said to the defendant Burt, who was cross-examining the said officer, "You were seen two days prior to coming to Greenville in Leland with Mr. Newton and a description of your car was described to me * * *." There is no proof whatever anywhere in the record that the appellant, Jack Newton, had any knowledge that the tools were in the automobile. The record affirmatively shows that the defend-

ant Burt had complete control and possession of the automobile, and that the contents therein belonged to him. There is no proof whatever to suggest that the appellant was in anyway connected with the possession of the tools other than being a passenger in the automobile while the tools were in the trunk of the car.

"* * * It has been for some time the established rule in this state that where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide (which likewise applies to other alleged offenses), their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge." Weathersby v. State, 165 Miss. 207, 147 So. 481. Under the authority of that case and subsequent decisions of this Court to the same effect, the appellant's case should not have been submitted to the jury, except upon an instruction directing a verdict in his favor.

It is stated by the attorney for the appellant on this appeal that the defendants were not represented at the trial by an attorney or attorneys, and the record fails to disclose that any attorney participated in the trial, even though the order of arraignment and plea recite that the appellant in his own proper person and by attorney was arraigned and plead not guilty, and even though the judgment, which recited that "the defendants Jack Newton and Chaney Burt, alias Jim Burt, came in their own proper persons and by attorney" and plead not guilty.

The only instruction granted for the defendants read: "The Court instructs the jury for the defendants that if you find the defendants not guilty then the form of your verdict shall be: 'We, the jury find the defendants not guilty.'"

There was no motion for a new trial in the case to raise the question that the verdict was contrary to the

overwhelming weight of the evidence as to the appellant, Jack Newton, but we fail to find any evidence on which the case should have been submitted to the jury in so far as the appellant, Jack Newton, is concerned.

Reversed, and the appellant discharged.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.