HEAD AND CUMMINGS *v.* STATE

No. 41948          January 22, 1962          136 So. 2d 619

*Earle L. Wingo,* Hattiesburg, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

Appellants were jointly indicted with Berry Smith, Jr., for possession of burglary tools in Forrest County, Mississippi. After severance granted Smith was separately tried, convicted and sentenced to the penitentiary. Smith appealed his conviction and in Smith v. State, 128 So. 2d 857, his conviction was reversed and he was discharged on the question of illegal search under the Constitution since he was in control and possession of the car. The appellants, Head and Cummings, were passengers in the car, one on the front seat and the other on the rear seat. These appellants were then tried together, convicted and sentenced to serve a term of five years in the State penitentiary, from which conviction and judgment this appeal is taken.

The facts in this case are identical with those in Smith v. State, supra, except those facts apply to the driver of the car and the person in possession of the car. Therefore, the defendants herein, as passengers in the car, are in a different situation than the appellant, Smith, in the former trial.

About 8:30 or 9 o'clock at night, near the airport gate southeast of the City of Hattiesburg, Forrest County, Mississippi, the sheriff, Bob Waller, was patroling in an unmarked car about ten or fifteen miles per hour when he met a Chevrolet Impala automobile traveling at a very slow rate of speed in the opposite direction. The Sheriff passed the Chevrolet, turned around and came up behind it. The driver of the Chevrolet, Smith, motioned the Sheriff to come up beside his car. The Sheriff pulled up beside the stopped Chevrolet and rolled his window down. When the driver of the Chevrolet saw that it was the Sheriff, he drove away rapidly. As the Sheriff described it in the case at bar, the car occupied by appellants "scratched out" and "took off in a cloud of smoke." The Sheriff sounded his siren and

immediately pursued the Chevrolet. Within ten seconds the Chevrolet was exceeding the speed limit.

The record in this case discloses that during this chase up Highway 49 by-pass, several articles were thrown out of the window on the right-hand side of the Chevrolet. These articles were thrown out by the defendants, the passengers in the car. One of these appellants was sitting in the front seat on the right-hand side, and the other appellant was sitting in the rear. Searches along the road shoulder resulted in the finding of gloves, a cap, a pistol and a shoulder holster in which the pistol was a perfect fit, other gloves, a .45 calibre revolver, an assortment of tools established to be burglary tools, and other tools. Among the items found was a gas mask, and it was shown by the testimony of the sheriff that in the Hattiesburg vicinity there were several safes equipped to eject a disabling gas when opened. Additional things were found in the trunk of the car, including clothes, money wrappers, money in some of the socks, and many other articles which the jury was fully justified in finding that same were used as burglary tools.

(Hn 1) The appellants rely on Smith v. State, supra, a companion suit to this case. The law of that case is not applicable here. Berry Smith, Jr., was the driver of the car, and this Court took into consideration in that case that Smith was the owner and in the rightful possession of the car and had a perfect right to object to the unlawful search. Neither of the present appellants can make the same objection. One of these appellants was in the front seat on the right side and the other was in the back seat. They were both seen throwing the articles out of the car, and later when the sheriff went back to the car he found further articles on the right side of the front seat and on the back seat.

(Hn 2) In order to avail of the constitutional provision of unlawful search and seizure, the sheriff must invade

the premises or property of defendant, and such defendant must at least have a right of possession that would make him owner for the time being.

In Rose v. State, 76 So. 2d 835, (Miss.), the Court said:

"On the night after the robbery officers stopped an automobile which was being driven by Ballow and in which Wood, Scott and Rose were also riding. In the car the officers found pistols and a rope which the evidence shows were used in the robbery. Proof was made of that on the trial of this appellant. Rose says it was error to make that proof because the officer had no warrant to search the car. The contention is not well taken. In addition to the fact that the automobile was exceeding the speed limit, in the presence of the officers, it is shown that Rose did not own, or claim to own, the automobile, nor did he claim to be in possession thereof, rightfully or otherwise. The car was being driven by Ballow, and Rose was on the back seat. It was licensed in the name of a Mrs. Stevens. To be in position to complain of an illegal search, one must either be the owner or in the rightful possession of the property searched. Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Lucas v. City of Oxford, 134 Miss. 771, 99 So. 510; Ross v. State, 140 Miss. 367, 105 So. 846; Polk v. State, 167 Miss. 506, 142 So. 480; McLemore v. State, 178 Miss. 525, 172 So. 139; Brown v. State, 192 Miss. 314, 5 So. 2d 426; Smith v. State, 198 Miss. 788, 24 So. 2d 85; Harris v. State, 216 Miss. 895, 63 So. 2d 396; Brooks v. State, Miss., 52 So. 2d 609. The Brooks case involved property taken from an automobile not owned or in the rightful possession of the accused."

(Hn 3) Since the defendants were not in possession of the automobile, either in the control or ownership of the car, they have no right to raise the constitutional question of search.

(Hn 4) The appellants objected to the instruction No. 1 as follows:

"The Court instructs the Jury for the State that under the law of this State the carrying concealed about one's person or in one's baggage implements, tools or instruments peculiarly adapted to aid in the commission of burglary shall be prima facie evidence of intention to use them for such purpose. Therefore, if you believe from the evidence in this case beyond a reasonable doubt that the defendants carried concealed about their persons, or in their baggage, implements, tools, or instruments peculiarly adapted to aid in the commission of burglary, then you are instructed that this is prima facie evidence of intention to use them for such purposes."

We find no error in this instruction. Practically every judicial definition of the word "baggage" is not merely the suitcase or other container commonly used by travelers in carrying their property, but the word refers to the property itself. The term "baggage" has been held to include tools used in a trade and usually carried about by the owner from place to place in his trunk; razors and other tools of a barber; carpenter tools carried in a trunk with the owner's clothing. One case held the term was to include "a rifle, revolver, two gold chains, two gold rings, a silver pencil case" belonging to a traveler for pleasure and amusement. For scores of judicial definitions of this term, see page 19 of Words and Phrases, Perm. Ed., Vol. 5.

We find no error in the trial of the case, therefore, the case is affirmed.

Affirmed.

*Lee, P. J., and Arrington, Rodgers and Jones, JJ.,* concur.