JOHNSON *v.* STATE

No. 42144          October 8, 1962          145 So. 2d 156

*Barnett, Montgomery, McClintock & Cunningham,* Jackson; *Bidwell Adam,* Gulfport, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Betty Johnson, was convicted in the Circuit Court of Harrison County of the possession of burglar's tools, and was sentenced to one year in jail. The relevant statute, Miss. Code 1942, Rec., Sec. 2044, provides: "It is unlawful for any person to have in his possession implements, tools, or instruments designed to aid in the commission of burglary, larceny or robbery; and on the conviction of any person thereof, he shall be punished by imprisonment. . . . The carrying concealed about one's baggage, implements, tools, or instruments peculiarly adapted to aid in the commission of burglary,

larceny or robbery, shall be prima facie evidence of intention to use them for such purpose.'' The issues turn on the sufficiency of the evidence to convict, and consideration of the exclusionary rule of evidence in searches and seizures.

This is a companion case to George Fuqua v. State, No. 42,145, decided this day. The State's evidence was presented by Highway Patrolman Anderson; defendant offered none. On January 16, 1961, Anderson was patrolling Highway 90 on the beach in Harrison County and saw in a passing car George Fuque. Previously he had been advised by police radio that there was a warrant outstanding for him on a perjury charge. The patrolman turned his car around and caught up with Fuqua's car just as it pulled in front of a restaurant. James Dolan and defendant Betty Johnson were also on the front seat. Anderson drove up by the side of the car, when the three occupants were in the process of getting out of it. He placed Fuqua and the others under arrest. Anderson directed Johnson to drive Fuqua's car to patrol headquarters about five miles away. Fuqua came in with Anderson, and Dolan rode in another patrol car. The Fuqua car had a Georgia tag and was registered in the name of R. K. Head. The back seat was covered with clothes. Before driving to the patrol station, Anderson saw the clothes. Defendant admitted some of them were hers. Upon arriving at the police station, defendant, Fuqua and Dolan were interrogated from one to two hours. The officer did not see Johnson violate any law in his presence, and had no search warrant for the automobile.

After arrival at the patrol station, Fuqua's automobile was searched. In it were found a large amount of male and female wearing apparel; a large red blinker light; a large seal-beam light equipped with a red light on its opposite end; another large light; a small keyhole flashlight; about twenty-five extra rounds of .38 caliber

ammunition; three boxes of flare red Kleenex; a box containing approximately 150 keys for various types of automobiles plus two key rings with keys for juke boxes, pay telephone coin boxes, amusement boxes, cigarette machines, etc., and a set of socket wrenches.

The officers also found a brown leather bag, which contained a police sergeant's badge, and two fully loaded .38 caliber pistols. Defendant admitted the bag belonged to her. The record reflects the ownership of this bag was unknown to the officers, until after the search, when it was claimed by appellant.

The indictment against Betty Johnson did not allege that the badge and two pistols found in the brown leather bag were instruments designed to aid in the commission of burglary and larceny. It was directed toward the other stated instruments. The opinion in Fuqua v. State discusses the adequacy of the evidence there (and here) to show that possession of the stated implements and tools could be classified as possession of burglar's tools. 9 Am. Jur., Burglary, Sec. 89; 12 C. J. S., Burglary, Sec. 69.

(Hn 1) There are three elements of the offense of the possession of burglar's tools: Adaptation and design of the tools or implements for breaking and entering; possession of them by one with knowledge of its character; and a general intent to use or employ them in breaking and entering. The evidence was ample on the first issue, adaptation and design for the stated purpose. Fuqua v. State, *supra*.

(Hn 2) As to the character of possession, it may be actual or constructive. The State need not prove an actual possession, or that the tools were taken from the person of defendant. (Hn 3) Possession may be joint or individual, and two or more may be in possession of burglar tools where they have the joint power of control and an inferable intent to control jointly. Commonwealth v. Segers, 167 Pa. Super. 642, 76 A. 2d 483 (1950); State

v. McHenry, 207 Iowa 760, 223 N. W. 535 (1929); 12
C. J. S., Burglary, p. 754. (Hn 4) Two persons may have
constructive possession, or one may have actual pos-
session and the other constructive possession. Anno.,
103 A. L. R. 1314 (1936); 9 Am. Jur., Burglary, Sec. 86.
Constructive possession may be shown by circumstantial
evidence, and the jury may weigh the surrounding cir-
cumstances. Phillips v. State, 154 Neb. 790, 49 N. W.
2d 698 (1951); State v. Salernitano, 27 N. J. Super.
537, 99 A. 2d 820 (1953); Missouri v. Hefflin, 338 Mo.
236, 89 S. W. 2d 938, 103 A. L. R. 1301 (1935).

(Hn 5) In the instant case the jury was warranted in
finding that Johnson was in constructive joint posses-
sion of the burglar's tools with her companions. She
was riding in the car with Fuqua and Dolan. She ad-
mitted that the female wearing apparel on the back
seat was hers. And after the search was made by the
officers, she admitted that the brown leather bag in the
back seat, containing the policeman's badge and two
loaded pistols, belonged to her. These facts and John-
son's admissions were all circumstances for the jury to
consider in determining whether she was in constructive
possession of the tools and implements alleged to be
burglar's tools. Admitted ownership by her of the bag
with the badge and two pistols is a circumstance of
considerable probative value on the intent and purpose
of her presence in the car, and on her intent with refer-
ence to the burglar's tools.

Newton v. State, 232 Miss. 114, 98 So. 2d 116 (1957),
involved different facts. It was undisputed that New-
ton had been in the car as a passenger with the driver
only about twenty minutes, and Burt had complete con-
trol of the automobile and its contents. There was no
evidence to suggest Newton was connected with the pos-
session of the tools. Newton testified and explained his
temporary presence in the car. Hence the court held
that he was entitled to a peremptory instruction.

Johnson, as was her privilege, did not testify, and offered no explanation. There is no evidence indicating she was in Fuqua's car temporarily. Her clothing and her bag with the badge and pistols were in the car. Hence the evidence made a jury issue on whether she was in constructive possession of the burglary's tools, and whether she had a general intent to use them in committing a crime.

Smith v. State, 240 Miss. 738, 128 So. 2d 857 (1961), reversed Smith's conviction for possession of burglar's tools, because he was unlawfully arrested while driving his automobile. However, Head and Cummings v. State, 136 So. 2d 619 (Miss. 1962), affirmed the convictions on the same charge of Smith's two companions in the car. During the chase by police they were seen throwing the tools out of the car. It was held that, since these defendants were not in possession of the automobile, they could not raise the constitutional question of an unlawful search and seizure. Accordingly, Johnson does not attack the search of Fuqua's automobile, pursuant to a lawful arrest of Fuqua on probable cause. The search of Fuqua's automobile was properly incident to his arrest. See Fuqua v. State, *supra;* 47 Am. Jur., Searches and Seizures, Sec. 19; 79 C. J. S., Searches and Seizures, Sec. 67.

(Hn 6) Appellant is confined to the claim that the search of her brown leather bag (containing a badge and two loaded pistols) was illegal, and evidence as to its contents was improperly admitted. The trial court held that search of the bag was an incident of Fuqua's arrest, and its contents were of probative value on the issues of Johnson's constructive possession and intent. We think this ruling was correct. Appellant concedes that search of the car was properly incident to his (Fuqua's) arrest, which was lawful. Fuqua v. State, *supra.* Johnson's arrest at that time was illegal because without probable cause or warrant. However, the search-

ing officers did not know at the time of search that the bag belonged to her. This fact does not invalidate an otherwise lawful search of the contents of the car. The officers had authority to search everything in Fuqua's car unless they were forewarned that the bag belonged to someone else. Bradley v. State, 209 Miss. 750, 48 So. 2d 365 (1950); State v. Green, 292 S. W. 2d 283 (Mo., 1956); U. S. v. Rees, 193 F. Supp. 849 (D. C. Md., 1961); see Head and Cummings v. State, *supra;* 47 Am. Jur., Searches and Seizures, Sec. 19. Moreover, appellant voluntarily admitted to the officers, after the search, that the bag belonged to her. Quan v. State, 185 Miss. 513, 188 So. 568 (1939).

The exclusion of unlawfully seized evidence is justified as necessary to deter police misconduct by illegal searches and seizures, and for the protection of rights of privacy. Anno., 4 L. Ed. 2d 1982 (1960); Tucker v. State, 128 Miss. 211, 90 So. 845 (1922). The reasons for the rule would not be served by excluding the evidence as to the contents of Johnson's bag. Those items were not charged in the indictment as burglar's tools, but were simply admitted on the issues of constructive possession and intent.

Exclusion of that evidence would not tend to prevent future unauthorized searches. The instant one was authorized. An officer lawfully searching an automobile possessed by one person does not make the search subject to later partial invalidity by a declaration after the search by another than an object in the car belonged to her. Neither the reason nor purpose of the exclusionary rule warrants that restrictive interpretation. See Comment, Judicial Control of Illegal Search and Seizure, 58 Yale L. J. 144 (1948); Allen, The Exclusionary Rule in the American Law of Search and Seizure, 52 J. of Cr. Law, Criminology and Pol. Sc. 246 (1961); Anno., 50 A. L. R. 2d 533 (1956); Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). We have considered

the other assignments of error, and find them without merit.

Affirmed.

*McGehee, C. J., and Kyle, Gillespie and Jones, JJ.,* concur.