GILLESPIE, Presiding Justice:
James Hoyt Powell appealed from a conviction of unlawful possession of narcotic drugs. Over the objection of defendant, the State offered in evidence certain vials and bottles containing morphine, demerol, and other narcotic drugs. The sole question is whether the narcotics were obtained by the officers as the result of an illegal search. We hold that the narcotics were lawfully seized.
Deputy Sheriff T. E. Huntley of Jackson County was on duty in the City of Pasca-goula when he received a call to investigate a disturbance at Troy’s Truck Stop located on Highway 90 about four miles east of Pascagoula. When he arrived at the truck stop, Officer Huntley saw defendant and Robert Emerson White standing in front of a 1965 Model Dodge automobile. James L. D’Artois was standing beside the automobile with a .38 caliber snub nose Smith and Wesson pointed upward at a 45-degree angle. Huntley took the gun from D’Artois and told all three men they were under arrest. He • told D’Artois to get into the patrol car, which D’Artois did, and, after speaking to the operator of the truck stop, he again passed by the Dodge automobile and noticed another gun partially concealed by a pillow. He then took possession of that gun. Huntley told D’Artois he could get into the car with his buddies (White and defendant), and they could follow him to the courthouse where the guns would be checked out. With White driving the Dodge, the three men started towards Mobile. Huntley followed and stopped the Dodge and again told them to follow him to the courthouse. Huntley then used his radio to call other officers to assist him, and as a result, County Patrolman Doty came in behind the three men in the Dodge. Constable Stewart got the call and drove in behind Patrolman Doty. When they stopped at a stop light, the automobiles were lined up as follows: Officer Huntley’s patrol car, the Dodge automobile occupied by defendant and his companions, County Patrolman Doty’s patrol car, and Constable *868 Stewart’s patrol car. Captain Champeaux of the City Police was in the vicinity, and also got the call. When the light turned green and Huntley proceeded through the intersection, White turned the Dodge to the right in an attempt to escape. The two patrol cars followed and stopped the Dodge. After having been caught in traffic, Huntley made no further contact with the Dodge or the three men until they were brought to the courthouse. Patrolman Doty placed the three men, including defendant, under arrest, and took them to the courthouse. They had already been placed under arrest by Officer Huntley at the truck stop, but apparently, Doty did not know of this. When Captain Champeaux arrived, Officer Doty and Constable Stewart were placing defendant and Lis two companions in Doty’s patrol car, and Champeaux took charge of the 1965 Dodge. He looked in the Dodge and saw a woman’s hand bag or beach bag on the front floorboard on the right side. A search of the bag revealed that it contained various narcotics and a Western Union receipt acknowledging receipt of $10 from James Hoyt Powell, Cabana Apartments, Huntsville, Alabama, for remittance to a person in North Carolina. These items were properly marked by the officers who found and kept them until they were offered in evidence.
The proof does not show who owned the automobile, but there was testimony that neither of the three men was the owner. White was the only one seen driving it. Defendant denied he owned the bag containing the narcotics; however, he rode on the right side of the front seat from the truck stop until Officer Doty stopped them and took them to the courthouse.
Defendant’s argument that the narcotics were seized during an illegal search has two main points of inquiry: (1) The arrest of defendant and his companions was illegal and the search of the Dodge automobile incident to the arrest was unlawful. (2) The search of the hand bag containing the narcotics was separate from the search of the automobile, and was illegal.
We are of the opinion that Officer Huntley had reason to arrest defendant and his two companions when he arrived at the truck stop. After he had received a call to come to the truck stop because of a disturbance, he found the three men standing around the Dodge automobile, and D’Artois was exhibiting a gun. These circumstances constituted probable cause. He was justified in believing that these three men, one of them armed and exhibiting a deadly weapon, were either engaged or about to become engaged in the commission of a crime. But there is an even stronger reason for the arrests. The pistol which Huntley saw partly concealed on the seat of the Dodge automobile justified the arrest. Carrying a concealed weapon is a crime under Mississippi Code Annotated section 2079 (Supp.1964), and is punishable by either fine and imprisonment in the county jail or by imprisonment in the penitentiary. This pistol was not found as the result of a search, but was seen by the officer as he passed the Dodge automobile. This was sufficient cause for arrest. Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So.2d 512 (1963). Under section 2079, a partly concealed weapon is a concealed weapon. Martin v. State, 93 Miss. 764, 47 So. 426 (1908).
Defendant contends, however, that under Mississippi Code Annotated section 2081 (Supp.1964), carrying the concealed deadly weapon was not a crime because defendant and his companions were on a journey and were not tramps. It is true that section 2081 provides that any person indicted for a violation of carrying a concealed weapon may show, among other defenses, that he was traveling and was not a tramp, or was setting out on a journey and was not a tramp; however, under the provisions of said Code section, the burden of proving either of said defenses *869 shall be on the accused, and this defense has nothing to do with the legality of the arrest of a person on account of carrying a concealed weapon.
The search that revealed the narcotics was not made until defendant and his companions were overtaken and taken into physical custody by Officer Doty when they tried to escape while being taken to the courthouse. Officer Huntley did what any experienced officer would probably do under the circumstances. He did not make a search of the Dodge automobile when he first placed the parties under arrest, or when he subsequently found the second weapon. These men were potentially dangerous. He directed them to go to the courthouse, and on the way, used his radio to get help which any reasonable officer would probably consider necessary in order to properly carry out his duties, as well as for his own protection. All of the officers were working together, including Captain Champeaux, who took charge of the Dodge automobile and found the narcotics. We find nothing unreasonable or oppressive about any of the acts of these officers. On the contrary, they had ample cause to arrest defendant and his companions and the search that revealed the narcotics was incident to these arrests.
If it can be said that there were separate searches, one of the automobile and one of the hand bag, it cannot be said that the search of the hand bag was unlawful. Defendant was neither the driver nor the owner of the automobile, and he denied he was the owner of the hand bag containing the narcotics. Johnson v. State, 246 Miss. 182, 145 So.2d 156 (1962), cert. denied, 372 U.S. 702, 83 S.Ct. 1018, 10 L. Ed.2d 125 (1963).
Affirmed.
RODGERS, JONES, SMITH and ROBERTSON, JJ., concur.