192 So.2d 387 (1966)
Alfred Ray BRADSHAW
v.
STATE of Mississippi.
No. 44158.
Supreme Court of Mississippi.
December 5, 1966.
Lawrence D. Arrington, Hattiesburg, for appellant.
Joe T. Patterson, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Alfred Ray Bradshaw, appellant, was convicted in the Circuit Court of Perry County of burglary and larceny. The principal questions here pertain to the admission of certain evidence obtained by police officers from defendant's person after his arrest, and from the automobile occupied by him but driven and owned by another; and to certain allegedly prejudicial arguments to the jury by the district attorney. We affirm, as modified by amendment of the sentence.
Carley's Drug Store in Richton, Perry County, Mississippi, was burglarized by persons who pried the cover from a vent and lowered themselves through a manhole in the ceiling, which contained fiberglass insulation. A number of bottles of narcotics and related items and over $1500 in cash were taken. A day or so later, in Bossier City, Louisiana, there was an armed robbery, and the police were looking for a car which was similar to the car driven by one Thorn. The defendant and three other *388 men, who fitted the descriptions of the men being sought for the Bossier City robbery, were riding with Thorn in his car. With knowledge of the felony and descriptions of the wanted men, police officers at Bossier City stopped the Thorn car, arrested and searched the occupants, including defendant, and searched the automobile. Under the front seat occupied by Bradshaw, they found a sack with bottles containing narcotics with the labels scratched off. On the floor of the back seat was a bottle containing a drug with the Carley Drug Store label on it, and Mr. Carley's cross-mark and date. In the trunk the officers found some work clothing  pants and shirts. The FBI Laboratory compared the fiberglass on this clothing with that from the ceiling of the drug store, and an FBI agent stated that they were identical. The sack contained four packages of proof coins for the years 1960-1963, which Carley said appeared to be identical to sets taken from his store. Bradshaw had in his possession a substantial amount of money, all in one dollar bills. Among them were nine one dollar bills from which was omitted the inscription "In God We Trust." Carley said these were similar to bills taken from his store.
As to the items found in the automobile and not on appellant's person, he could not object to their admission into evidence. He was neither the owner nor driver of the car, and any search of it, as to him, was not unlawful. Powell v. State, 184 So.2d 866 (Miss. 1966); Johnson v. State, 246 Miss. 182, 145 So.2d 156 (1962), cert. denied, 372 U.S. 702, 83 S.Ct. 1018, 10 L.Ed.2d 125 (1963); Head v. State, 246 Miss. 203, 136 So.2d 619 (1962).
The money taken from defendant's person, namely, the nine one dollar bills without the usual inscription, was also admissible in evidence. An officer without a warrant may arrest a person when he has reasonable cause to believe that a felony has been committed, and reasonable cause to believe that such person committed it. These criteria existed here, under Mississippi, Louisiana and federal constitutional law. Miss. Code Ann. § 2470 (1956); La. Rev.Stats. § 15:60 (1950); Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
Assuming, but not deciding, that the excerpt from the district attorney's argument was properly in the record, it is not reversible error.
With reference to the verdict and sentence: Generally, two crimes cannot be charged in the same count, but exceptions to that rule are assault and battery and burglary and larceny. Bradshaw was indicted for burglary and larceny, and the jury found him "guilty of burglary and grand larceny." The judgment and sentence required him "to serve (in the penitentiary) for a period of seven years on the charge of burglary, and five years on the charge of grand larceny."
Roberts v. State, 55 Miss. 421, 423-424 (1877), said:
Various reasons have been given for allowing the joinder of burglary and larceny, the most satisfactory of which seems to be that whether the breaking into the house be burglary or not, depends upon the intent; and the act of larceny, after the breaking, is conclusive proof of the intent with which the breaking was done. The larceny, therefore, is charged, not as a substantive offense, but as demonstrating the burglarious intent. The jury may, indeed, acquit of the burglary and convict of the larceny, but a general verdict of guilty will be regarded, not as a conviction of two offenses, but of the burglary alone; and the larceny charged will be deemed indicative of, and intended to demonstrate, the animc furandi which goes to make up the higher crime.
See also Sanford v. State, 155 Miss. 295, 124 So. 353 (1929); Dees v. State, 89 Miss. 754, 42 So. 605 (1906).
*389 Since the larceny charged in the indictment was charged not as a substantive offense, but as demonstrating the burglarious intent, the reference in the jury's verdict to "grand larceny" is surplusage, as is that part of the sentence imposing "five years (in the penitentiary) on the charge of grand larceny." Hence that part of the sentence is deleted as surplusage. The sentence of the court, as modified, is that defendant serve a period of seven years in the state penitentiary on the charge of burglary. See also 24 C.J.S. Criminal Law § 1567(5) (1961); 24B C.J.S. Criminal Law § 1990b (1962).
Affirmed with modification of sentence.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.