GILLESPIE, Presiding Justice.
The three principal arguments made by the appellant in this case are (1) the arrest was unlawful, (2) the search of the automobile in which the appellant was riding was unlawful, and (3) that appellant had standing to object to the unlawful search. One of appellant’s co-indictees was Alfred Ray Bradshaw, who was also a passenger in the automobile at the time of the arrest and was sitting beside appellant. The question of appellant’s standing to raise the issue as to the search was decided adversely to the appellant in the Bradshaw case on identical facts. Bradshaw v. State, 192 So.2d 387 (Miss.1966), cert. denied, 389 U.S. 941, 88 S.Ct. 299, 19 L.Ed.2d 293 (1967). Appellant also raises the question of the sufficiency of the evidence. Under the authority of Johnson v. State, 246 Miss. 182, 145 So.2d 156 (1962), cert. denied, 372 U.S. 702, 83 S.Ct. 1018, 10 L.Ed.2d 125 (1963), the evidence was sufficient to go to the jury, especially absent any exculpatory evidence.
While immaterial to this decision, we note that the contention that there was a second search of the automobile is without foundation. The articles taken from the automobile by the officer several days after the arrest had been found on the day of the arrest when the automobile was originally searched.
Affirmed.
RODGERS, JONES, PATTERSON, and ROBERTSON JJ., concur.