JONES, Justice.
Appellant was convicted in the Circuit Court of Jasper County of the felonious possession of burglary tools. He was sentenced to a term of three years in the state penitentiary, and he appeals here.
We reverse and discharge because of the failure of the testimony to establish beyond a reasonable doubt the guilt of defendant. Section 2044, Mississippi Code of 1942 Annotated (1957) reads, as follows:
It is unlawful for any person to have in his possession implements, tools, or instruments designed to aid in the commission of burglary, larceny or robbery; and on the conviction of any person thereof, he shall be punished by imprisonment in the penitentiary not exceeding five (5) years, or in the county jail not exceeding one year. The carrying concealed about one’s person, or in one’s baggage, implements, tools, or instruments peculiarly adapted to aid in the commission of burglary, larceny or robbery, shall be prima facie evidence of intention to use them for such purpose.
On the trial the State used only two witnesses. One was the deputy sheriff of Jasper County, and the other was an investigator of the State of Mississippi assigned to the highway patrol. This investigator was present at the courthouse when the tools were taken from the automobile. The tools were the kind that could be and are used in pursuance of legitimate occupations; however, the investigator for the State explained to the jury how each tool could be used to commit a burglary. He did not deny that they also had legitimate uses.
On the night appellant was arrested, Mr. Brown, a Jasper County deputy sheriff, was riding in his car some distance from town when he saw an automobile parked beside the road and somebody inside the automobile drinking from a beer can. He passed the car, then turned, went back, and found the appellant and a man named Rucker in the car. Beer was being drunk, and there were other cans of beer in the car. The possession of beer in Jasper County being illegal, the deputy asked the two men to come with him to the courthouse; and they did. There, after some conversation, the officers were given the key to the car in which appellant was riding. Unlocking the trunk, the officers found therein a large number of tools. Appellant and Rucker were then arrested for violation of the above statute.
It was undisputed that the automobile belonged to Rucker, who was driving. The appellant explained his presence in the car by saying that Rucker had requested appellant to ride with him from Laurel to Jasper County to locate Rucker’s attorney for consultation about some legal matter; and that after they had entered Jasper County, appellant had asked Rucker to stop before reaching Buckley’s house so that he, the appellant, could finish drinking some beer. It was during this period of time that the deputy sheriff came upon the scene.
The deputy admitted the tools were not unusual and were commonly used in mechanical types of business.
The deputy sheriff was positive in his statement that he had no knowledge of the appellant’s ever having been in possession of these tools. He had not seen appellant touch any tool before the arrest, and he could not tell the jury that the appellant possessed them for any illegal purpose. He testified that the other man, Rucker, was the owner of the car; that he had checked and verified that fact; that the tools were in Mr. Rucker’s car and were in the trunk thereof; and that they were in a place where the appellant could ride in the vehicle and not see them and not have any knowledge of them. The deputy sheriff said he had no knowledge of the appellant’s ever having been in possession of the tools or ever having had anything to do with the *764 tools. He said that he did not intend to tell the jury that they were possessed by anybody for any illegal purpose.
There was no testimony that the defendant knew the tools were in the car. There was no testimony that he had seen them or had touched them or had been advised of their presence or in any way had knowledge that they were in the trunk of the car. Rucker, the owner of the car, was tried separately and convicted prior to this trial. Rucker v. State, 246 So.2d 533 (Miss.1971).
Newton v. State, 232 Miss. 114, 98 So.2d 116 (1957) was a case very similar to this. One Jack Newton was jointly indicted with Chaney Burt, alias Jim Burt, for the felonious possession of burglary tools. Both were convicted, and Jack Newton appealed. The proof disclosed that the automobile in which the defendants were riding and in the trunk of which the articles were found belonged to the defendant Burt. The defendant Newton explained his presence in the car with Burt. He was going with Burt to the Greenville Air Base for some kind of work. The record showed that Burt had complete control and possession of the automobile and that the contents therein belonged to him. There was no proof to suggest that the appellant was in any way connected with the tools other than being a passenger in the automobile while the tools were in the trunk of the car. The conviction was reversed and the appellant discharged.
As shown by Johnson v. State, 246 Miss. 182, 145 So.2d 156 (1962), there are three elements of this offense:
(1) Adaptation and design of the tools or implements for breaking and entering;
(2) Possession of them by one with knowledge of their character; and
(3) A general intent to use or employ them in breaking and entering.
The Johnson case also holds that the character of possession may be actual or constructive; joint or individual; and that two may have constructive possession, or one may have actual possession and the other constructive possession. Constructive possession may be shown by circumstantial evidence. In the Johnson case, this Court held that the jury was warranted in finding Johnson in constructive joint possession; however, in the instant case, there is no evidence of any kind to indicate that the appellant was in either actual or constructive possession. Furthermore, there is no evidence that he even knew the tools were in the car; and there is no evidence of his having had any felonious intent.
In Fuqua v. State, 246 Miss. 191, 199-200, 145 So.2d 152, 154 (1962), this Court said:
The statute does not denounce as unlawful the possession of any particular implements, tools, or instruments. The possession of a particular article, or combination of articles, may or may not be unlawful under the statute, depending on whether the evidence reveals circumstances from which it may be inferred beyond a reasonable doubt that the possessor intended that he or some other person use the article or articles in aid of burglary or other similar crime. The Mississippi statute does not refer to a specific felonious intent, but a felonious intent must be proven. The State is not required to prove a specific intent to commit a particular crime; but it is sufficient if the circumstances justify the inference that the article or articles were possessed for such criminal purpose. Thus, a general intent is sufficient.
Inasmuch as the State failed to prove any actual or constructive possession of the tools by the appellant, or that he even knew of their presence, and because of the State’s failure to establish any felonious intent, this case is reversed and the appellant discharged.
Reversed and appellant discharged.
GILLESPIE, P. J„ and BRADY, SMITH and SUGG, JJ., concur.