**Dwight Lee PETERS and John Arnold Lee, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Sept. 16, 1974.

Certiorari Denied by Supreme Court
March 24, 1975.

E. Michael Ellis, Knoxville, for Peters.

Floyd E. Hutcherson, Rockwood, for Lee.

David M. Pack, Atty. Gen., Tom Jennings, Asst. Atty. Gen., Nashville, Walter E. Fischer, Asst. Dist. Atty. Gen., Clinton, for defendant-in-error.

## OPINION

DWYER, Judge.

This conviction of possessing heroin with intent to sell, and with intent to deliver, as prohibited by the Tennessee Drug Control Act of 1971, with resulting punishment of confinement for not more than seven years, prompts the appellants, referred to herein by name to timely appeal from the judgment imposed on the jury's verdict.

There are two assignments of error filed on behalf of Dwight Lee Peters and John Arnold Lee by their respective counsel. The errors assigned are that the evidence is insufficient to sustain the verdict and the judgment, and that certain evidence should not have been admitted over the objection that it was the result of an illegal search and seizure as prohibited by both the Constitutions of the United States and Tennessee.

The evidence procured from our review of this record reflects that Peters, driving a red and white Volkswagon van, was stopped at the Oak Ridge turnpike and Lafayette Road by the Oak Ridge Police Department on the evening hours of August 29, 1972. Lee occupied the passenger seat. There was another occupant of the van, in the back, by the name of Charles Palmer who was not present at the trial. At any rate, after the officers commanded the three to alight, they searched the van and found one tinfoil package under the passenger seat and twenty others scattered on and under a blanket in the back. Each packet was described as being about one-half inch long and one-eighth inch wide.

When opened the officers noted that they contained a brownish substance. This substance was later analyzed and it was positively found to be heroin. The investigating Oak Ridge officer testified that thirty minutes prior to the arrest and search he had received a telephone call from a female informant known to him and upon whom he had relied before. She related to him that a red and white older model Volkswagon van, with license prefix 16, would be traveling on the Oak Ridge turnpike in an easterly direction toward the Sport Center in Oak Ridge. The officer also related that he had received information that there would be three male white occupants in the van who would be transporting heroin for sale. He related that, acting on the information he received from the call, he was, within five minutes, at the location looking for the van.

■ The appellants, Peters and Lee, who both testified but offered no other proof, related in substance that they had picked up Palmer, who was not at trial, to take him to Oak Ridge. They had given him a ride earlier to Oak Ridge and had agreed to return him there the same day. Lee related that when the officers stopped the van, he saw Palmer taking pieces of tinfoil out of a folding travel clock. Peters said that he saw Palmer, through the rear-view mirror, with a clock in his hand. Their contention was that Palmer was in possession of the drug and that they had no knowledge of the presence of heroin in the van and that therefore could not be attributed to them. Hence they say the evidence is insufficient. They support this contention by reliance on Dishman v. State, 3 Tenn.Cr.App. 725, 460 S.W.2d 855. It is true that in the cited authority one Henry had been convicted with Dishman and that this court held the evidence to be insufficient as to the guest Henry. The reasoning there was that Henry had told a forthright and credible story. We respectfully disagree with our brethren in their posture as to Henry. For we think Henry's credibility was a jury issue which their verdict had foreclosed. See State v.

Grace, Tenn., 493 S.W.2d 474, 476. We think that here the proof is ample as to Peters, the owner of the truck in which the contraband was found. The jury has seen fit to reject his testimony which inferentially suggests that Palmer had the drugs. The packet found under the passenger seat on which Lee was located, we think, is a circumstance from which the jury could infer that he was in possession of heroin. The law, as we understand it, does not require actual or physical possession of the drug. If that were the case it would be a simple matter for participants in crimes of this type to designate who was to have actual possession. The other parties would then be secure from culpability because of the fact that another was in actual possession. We think that possession means control. The rationale of 76 C.J.S. Receiving Stolen Goods § 6b on this point is here applicable even though the discussion there is limited to the area of receiving stolen property. The facts sufficiently support the inference that all those inhabitants of the van were in control of the drugs. These three had been together earlier in the day on a trip to Oak Ridge. They had met girls there and had gone to an apartment with them. The three were returning together a second time to Oak Ridge when the officer received the call from his female informant. Thus, the jury could and did conclude from this circumstantial evidence as to possession or control, that these two defendants were on a joint adventure and were in control of the drugs when the officer stopped them. See Eason v. United States, 9 Cir., 281 F.2d 818; Bettis v. United States, 408 F.2d 563; Johnson v. Mississippi, 246 Miss. 182, 145 So.2d 156, 158. The assignment is overruled.

■■ We think that the search and seizure here was not unreasonable on either theory advanced by the appellants. They contend that the arrest was illegal since the proof in its worst light to them would only support the offense of possession which would be a misdemeanor. See T.C.A. 52–1432(b)(1). Therefore, they con-

tend, since no offense was committed in the presence of the officer, the arrest is prohibited. See T.C.A. 40–803. We think this theory is unsustainable. See Lewis v. State, 40 Tenn. 127, 145, 146. Further, we think, that from the facts given to the officer by an informant whom he had relied upon before, as outlined in our narration of the evidence, there was ample probable cause to support the arrest. See Holder v. State, Tenn.Cr.App., 490 S.W.2d 170, 173. Lastly, he had probable cause to search the automobile without a warrant under these circumstances. See Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419. The assignments are overruled.

 However, the judgment is modified to reflect the conviction to be for possessing a controlled substance, see T.C.A. 52–1432, with the intent to sell as charged in the first count of the indictment.

The judgment as modified is affirmed.

OLIVER and RUSSELL, JJ., concur.