GILLESPIE, Chief Justice:
Appellant was convicted in the Circuit Court of Tate County of the crime of possessing burglar’s tools. On the night of February 22, 1971, the appellant, along with another man and a woman, came into George Shackleford’s Service Station at Interstate 55 and Highway 4 in Tate County and asked Shackleford to tow their *404 car in, the car being stuck in a ditch some distance from the station. When Shackle-ford returned with the automobile, he stopped Patrolman Roy Frazier of the Senatobia Police Department as Frazier made a turn at the station. Shackleford informed Frazier that he had seen burglary tools in the car, after which Frazier telephoned Tate County Sheriff Joe Taylor. When Taylor arrived on the scene, he approached the automobile, looked through a window, and observed a crowbar, a brace and bit, a keyhole saw, a large screwdriver, a long-handled hatchet, and a pair of pliers. Taylor then placed defendant and his companions under arrest and proceeded to search the car and found in the trunk a pistol and some ammunition. Upon the arrest of defendant’s woman companion, a walkie-talkie set was found in her purse.
Defendant first assigns as error the action of the trial court in refusing to instruct the jury peremptorily to find for the defendant.
The statute under which defendant was tried and convicted is Mississippi Code 1942 Annotated section 2044 (1956), which is afc follows :
It is unlawful for any person to have in his ¡possession implements, tools, or instruments designed to aid in the commission of burglary, larceny or robbery; and on the conviction of any person thereof, he shall be punished by imprisonment iá the penitentiary not exceeding five (5) yfears, or in the county jail not exceeding one year. The carrying concealed about one’s person, or in one’s baggage, implements, tools, or instruments peculiarly adapted to aid in the commission of burglary, larceny or robbery, shall be prima facie evidence of intention to use them for such purpose.
Noiie of the tools in defendant’s automobile were especially designed for use in burglaries. They were ordinary tools that any individual is likely to possess and transport in his automobile for legitimate purposes. The elements of the offense of possession of burglary tools are as follows: (1) adaptation and design of the tool or implement for breaking and entering; (2) possession of such tools by one with knowledge of their character, and (3) a general intent to use or employ them in breaking and entering. Johnson v. State 246 Miss. 182, 145 So.2d 156 (1962). Although it is not necessary to show a specific intent to use the tools in a burglary, there must be evidence either that the tools have probably been recently used for the purpose of unlawfully breaking and entering or that they are about to be used for such purpose. McCollum v. State, 197 So.2d 252 (Miss.1967), is a case illustrating the circumstances that will justify the finding of an intent to use ordinary tools for the purpose of committing burglary. In that case, the automobile being driven by McCollum was the object of a police bulletin to the effect that a similar car with three people in it had been seen near a grocery store which had its front lock cut in an attempt to break and enter. The Court held that there was sufficient evidence to connect the occupants of the particular automobile with the attempted burglary and supply the element of the offense with respect to intent.
 The sheriff was not investigating a burglary. There was no evidence of any attempted burglary and, in fact, there was no proof that the defendant or his companions had used the tools found in his automobile for any unlawful purpose or that they intended to use them for any unlawful purpose. It is not an essential element of the crime of possession of burglary tools that any particular tool be specifically designed for the purpose of being used in a burglary, but there must be evidence from which the jury can find the intent to use them in breaking and entering. Assuming, therefore, that the search of the automobile and the arrest of the defendants was unlawful, the evidence was insufficient to justify a conviction of the defendant of the crime of possession of burglary tools and *405 the trial court erred in refusing the requested peremptory instruction.
We are of the opinion that under the particular facts and circumstances of this case, the sheriff did not have probable cause to search the automobile and arrest the defendant and his companions. The information given the sheriff by the service station attendant was followed up by the sheriff himself looking through the window and seeing what his informant had seen. The State contends that the arrest was valid because the defendant was committing an indictable offense in his presence. Miss.Code 1942 Ann. § 2470 (Supp. 1968). However, for the reasons already stated, these unconcealed, ordinary tools lying on the back seat and the floorboard of the automobile in and of itself did not constitute the crime of possession of burglary tools. Therefore, we hold that neither the arrest of the defendant and his companions nor the search of the automobile was lawful.
Reversed and defendant discharged.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.