475 So.2d 156 (1985)
Vincent HUDSON
v.
STATE of Mississippi.
No. 54923.
Supreme Court of Mississippi.
August 28, 1985.
Roy Pitts, Meridian, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Carolyn B. Mills, Asst. Atty. Gen., Jackson, for appellee.
*157 Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Lauderdale County, Mississippi, wherein the appellant, Vincent Hudson, was indicted along with Evelyn Jemison and William Perry, Jr. for armed robbery. Jemison entered a guilty plea and a severance was granted as to Perry, Jr. Following trial of Hudson he was convicted and sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections.
On December 24, 1981 at approximately 5:45 to 6:00 p.m. Tony Swift, manager of the Radio Shack store located at College Park Shopping Mall in Meridian, was robbed at gunpoint while attempting to deposit the receipts from the store's sales for that day. A blue money bag containing checks, deposit slips and approximately $1,153 in cash was taken.
After securing information from an employee of Eckerds, located next to Radio Shack, the investigating officers with the Meridian Police Department proceeded to the Village Apartments; in particular the apartment of E. Jemison. Officer Nelson armed with a shotgun knocked on the door of Jemison's apartment and identified himself. Through the opening in a curtain in a window next to the door he observed a black male matching the description of the alleged robber approach the front door with a nickel plated gun held in a raised position. Again Nelson knocked on the door and advised the appellant to drop the gun. The appellant threw the gun on a nearby couch and opened the door. Nelson advised him to exit the apartment and then asked Perry to also step outside.
The appellant along with William Perry was placed under arrest and taken from the second floor of the apartment complex to a patrol car located in the parking lot. Consent to search, both oral and written, was obtained from Evelyn Jemison. The officers who searched her apartment found a .22 calibre 4 inch barrel pistol; a .38 calibre nickle plated pistol; $1,153 in cash; a partially burned money bag; and several partially burned checks made out to Radio Shack. Following trial the jury found the appellant guilty as charged. As the jury was unable to determine his sentence, the court sentenced appellant to 30 years in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding, the appellant has perfected his appeal to this Court raising three assignments of error.
The appellant initially asserts the court erred when it failed to grant his motion to suppress the evidence seized from the apartment during an unreasonable search and seizure.
Although the appellant argues at length the impropriety of introducing the evidence seized where the arresting officers had no probable cause to arrest nor probable cause to search, he overlooks the main question, that being: Was the evidence obtained as the result of a warrantless search admissible based on a consent given prior to the search by one who jointly occupied by the premises?
The lower court found it unnecessary to address the validity of the consent given as it determined the investigating officers had sufficient probable cause to proceed to the apartment rented by Jemison.
(1) Information had been obtained from an employee of Eckerds located next to the Radio Shack that Jemison earlier informed the employee that Jemison, the appellant, and Perry planned to rob someone that day.
(2) At the apartment Officer Nelson observed a black male fitting the general description of the robber carrying a gun which matched the description of the gun used by the alleged robber.
We find it unnecessary to delve into the issue relative to `probable cause' as we have held that one of the specifically established exceptions to the requirements of both a warrant and probable cause to permit the search is a search conducted pursuant *158 to consent. Jackson v. State, 418 So.2d 827 (Miss. 1982).
In Bell v. State, 360 So.2d 697 (Miss. 1978) the appellant, convicted of armed robbery, complained it was error to introduce into evidence items secured during a warrantless search of his bedroom. The appellant lived in a home rented by his mother who gave her consent for the search. Citing from United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), we said:
"[T]he consent of one who possesses common authority over premises or effects is valid as against the absent, non-consenting person with whom that authority is shared... . [W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."
360 So.2d at 700.
Also see Wilcher v. State, 448 So.2d 927 (Miss. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 231, 83 L.Ed.2d 160 (1984).
In Cain v. State, 337 So.2d 935 (Miss. 1976) we held evidence removed from a suit pocket belonging to the appellant and found in a bedroom rented by his girlfriend to be admissible based on the consent to search obtained from the girlfriend. The appellant lived with her in an apartment for which she paid the rent and furnished her own groceries.
Jemison and the appellant lived together for approximately two or three months prior to the incident. She had dominion and control over the apartment as she rented it in her name and paid all the bills. Furthermore, at the time the consent was obtained, the investigating officers had no idea that the appellant had been living in the Jemison apartment for several months. During the hearing on the motion to suppress, the appellant himself testified that he stayed in Louisville part of the time while he was living with Jemison and also that she paid the rent as well as the light bill. We are of the opinion and hold that the oral as well as written consent to search the apartment enabled the state to seize the evidence, and its introduction at trial was not error.
He next argues that he was denied a fair trial when the trial court permitted the issue of guilt to go to the jury though he had impeached the testimony of his alleged accomplice, Evelyn Jemison.
Jemison testifying as a state's witness, informed the jury that she, the appellant and William Perry planned to commit a robbery on December 24. She related that it was Hudson who decided to use her mother's car and also to split anything that was obtained three ways. Hudson drove the get-a-way car.
The appellant's defense was that of an alibi. A taxi cab driver recalled seeing him at the Village Apartments talking to a "white guy" between 5:30 and 5:45 p.m., the time of the alleged robbery. Carolyn Hickman, a friend, testified that she and her boyfriend, Michael Stewart, picked the appellant up at the College Park Shopping Mall at approximately 5:30 to 6:00 p.m. and all three drove to Evelyn Jemison's apartment. She further testified she had talked with Evelyn Jemison the day prior to the incident and Jemison, who was vehement, informed Hickman that she was going to pay the appellant back for knocking out her teeth. Michael Stewart testified that he and Hickman picked the appellant up at the College Park Shopping Center at approximately 5:00 p.m. and drove to Jemison's apartment where they stayed until 6:00 or 6:15.
The evidence offered by the defendant was in direct conflict with that of the state, creating an issue for the jury to resolve. We have often stated that conflict in the evidence, its strengths or weaknesses, are for the jury's consideration. It is the sole judge of the weight and worth of testimony and has a duty to determine the evidence it will accept as true or that which it should *159 reject as untrue. See Watson v. State, 465 So.2d 1025 (Miss. 1985).
Appellant complains that the court erred when it granted state's instruction S-3.
Although the instruction was inartfully drawn, the evidence of appellant's guilt is so clear that if there were error in the instruction it was harmless error beyond a reasonable doubt.
Finding no error in the court below, and the evidence being sufficient to support the jury's verdict, the conviction and sentence of appellant is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.