826 So.2d 750 (2002)
Alvin Lee BRIDGES, Sr. a/k/a Alvin L. Bridges, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00026-COA.
Court of Appeals of Mississippi.
June 25, 2002.
Rehearing Denied September 17, 2002.
*752 John H. Anderson, Hattiesburg, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. Alvin Lee Bridges was indicted on December 17, 1999, and charged with selling a controlled substance on October 4, 1997. Bridges was convicted in the Circuit Court of Forrest County, Honorable Richard W. McKenzie presiding. Bridges was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,000,000 as well as restitution in the amount of $425 to the Mississippi Crime Lab and an appearance bond. Bridges filed a motion for judgment notwithstanding the verdict or, alternatively, a new trial which was summarily denied by the trial court. Aggrieved by this decision, Bridges perfected the present appeal asserting the following issues:
1. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S MOTION FOR CONTINUANCE;
2. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE;
3. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE CONTROLLED SUBSTANCE INTO EVIDENCE;
4. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S MOTION FOR DIRECTED VERDICT; AND
5. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES A PEREMPTORY INSTRUCTION OF NOT GUILTY.

STATEMENT OF FACTS
¶ 2. On October 4, 1997, Alvin Lee Bridges sold approximately five grams of crack cocaine to a confidential informant in *753 the presence of undercover police officer Steve Maxwell. Maxwell and the confidential informant traveled to Bridges's residence. The confidential informant got out of the car, approached Bridges, and inquired whether they could purchase drugs from Bridges. The confidential informant then returned to the car and informed Maxwell that the drugs would cost $450. Maxwell gave the confidential informant the money and he exchanged it for drugs. Bridges was indicted for the sale of a controlled substance to Narcotics Officer Steve Maxwell on December 17, 1999. The trial was set for August 21, 2000, by an agreed order signed by Bridges and his attorney on March 20, 2000. Three days before trial, Bridges's attorney made a motion for continuance because of a scheduling conflict. The trial court denied this motion.
¶ 3. At trial, Bridges's attorney moved the trial court to dismiss the case because the crime occurred more than two years from the date the indictment was returned. The trial court denied this motion on the basis of the State's assertion that Bridges was arrested on these charges prior to being indicted. Also at trial, Bridges objected to the admission into evidence of the substance he allegedly sold on the basis that the chain of custody was incomplete. The trial court overruled this objection. Further, Bridges asserts that the trial court erred when it denied his motion for directed verdict and peremptory instruction of not guilty. Bridges was found guilty and sentenced to serve a thirty year sentence in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,000,000 as well as restitution to the Mississippi Crime Lab in the amount of $425 and court costs and a two percent appearance bond. Bridges moved for judgment notwithstanding the verdict or, alternatively, new trial. The trial court denied this motion and Bridges perfected this appeal.

LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S MOTION FOR CONTINUANCE.
¶ 4. Bridges first contends that the trial court erred when it denied his motion for continuance. Bridges's attorney had a scheduling conflict with another unrelated matter. Bridges's trial was scheduled for August 21, 2000, by an agreed order signed by both Bridges and his attorney filed on March 20, 2000. "The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice." Simmons v. State, 805 So.2d 452, 484(¶ 72) (Miss.2002). The moving party has the burden of proving the trial court abused its discretion in denying the motion for continuance. Wilson v. State, 755 So.2d 2, 5(¶ 11) (Miss.Ct.App. 1999). Bridges knew for approximately five months what day his trial was to begin. Bridges has not demonstrated that he suffered any injustice or prejudice from the trial court denying his motion for continuance. For this reason, we cannot find that the trial court abused its discretion in denying Bridges's motion for continuance. This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE.
¶ 5. Bridges next contends that the trial court erred when it denied his motion to dismiss the charges because of the State's failure to commence prosecution of the crime within two years of the commission of the crime as prescribed by Miss.Code Ann. § 99-1-5 (Rev.2000). The standard of review for motions to dismiss is "substantial evidence/manifest error." *754 Alexander v. Brown, 793 So.2d 601, 603(¶ 6) (Miss.2001). The evidence is to be considered fairly between the parties. Id. Prosecution of a crime may be commenced by issuing a warrant, having the defendant bound over, requiring the defendant to appear and answer the charges against him as well as by indictment or affidavit. Miss.Code Ann. § 99-1-7 (Rev.2000). The State contends that prosecution began against Bridges prior to the expiration of the two-year limitation when Bridges was arrested on a warrant for five counts of selling controlled substances on February 20, 1998. To support this contention, the State presented a copy of the booking card recording Bridges's intake into the Forrest County regional jail dated February 20, 1998. Bridges sold a controlled substance to the confidential informant on October 4, 1997. Bridges was arrested on a warrant for five counts of selling a controlled substance on February 20, 1998, well within the two-year limitation period prescribed by Miss.Code Ann. § 99-1-5 (Rev.2000). The trial court did not err when it refused to grant Bridges's motion to dismiss. This issue is without merit.

3. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE CONTROLLED SUBSTANCE INTO EVIDENCE.
¶ 6. Bridges next contends that the trial court erred when it allowed the contraband sold by Bridges to be admitted into evidence. Bridges claims that a proper chain of custody was not established and that testimony that the substance was in "a few more crumbs" indicated that the substance may have been tampered with prior to trial. At trial, the confidential informant who gave Bridges the money and accepted the controlled substance did not testify. Witnesses for the State testified that the confidential informant was thoroughly searched both before and after the sale occurred. The confidential informant immediately gave the controlled substance to Officer Maxwell who witnessed the exchange between Bridges and the confidential informant. Officer Maxwell then gave the substance to Officer Minor who sealed the substance in an envelope and mailed it via registered mail to the Mississippi Crime Lab where it was unsealed, weighed and tested by Jason. Alexia, a forensic scientist. After conducting the tests and establishing that the controlled substance was crack cocaine, Alexia resealed the substance and returned it to Officer Minor via registered mail.
¶ 7. Questions concerning the chain of custody of evidence are left to the trial court's discretion and this Court will not reverse unless the trial court has abused its discretion. Williams v. State, 794 So.2d 181, 185(¶ 12) (Miss.2001). The test to determine "whether there has been a proper showing of the chain of possession of evidence is whether there is any reasonable inference of likely tampering with or substitution of evidence." Id. at (¶ 10). Bridges's contention that the substance was tampered with because it was not returned in exactly the same condition as when it was sent to the crime lab does not raise a reasonable inference of tampering of evidence. The trial court did not abuse its discretion in admitting the controlled substance into evidence as there was no indication that the evidence was tampered with or substituted. This issue is without merit.

4. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S MOTION FOR DIRECTED VERDICT; AND

5. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES A PEREMPTORY INSTRUCTION OF NOT GUILTY.
¶ 8. Bridges's final two points of error are joined together as they address *755 the same issue. Bridges contends that the trial court erred when it denied his motion for directed verdict and when it refused to grant a peremptory instruction of not guilty. Motions for directed verdict as well as requests for peremptory instructions test the legal sufficiency of the evidence. Stevens v. State, 808 So.2d 908, 922(¶ 46) (Miss.2002). The evidence is viewed in the light most favorable to the State and all evidence that supports the guilty verdict is accepted as true. Id. The State "receives the benefit of all favorable inferences that may reasonably be drawn from the evidence." Id. The trial court's decision will be reversed "only where reasonable and fair-minded jurors could only find the accused not guilty." Id. With these standards in mind, we look to the issues raised by Bridges.
¶ 9. Bridges contends that the trial court erred when it denied his motion to dismiss. Bridges asserts that the proof presented at trial does not support the charge alleged in the indictment. The indictment returned against Bridges charges him with the sale of a controlled substance to Steve Maxwell, a narcotics officer. Bridges asserts that the evidence offered by the State at most supports a finding that he sold a controlled substance to the confidential informant. Further, Bridges contends that the trial court erred when it granted a jury instruction which instructed the jury that the State had to prove beyond a reasonable doubt that Bridges sold a controlled substance to another person before the jury could find him guilty. Bridges contends that this instruction constitutes a constructive, substantive amendment to the indictment.
¶ 10. Indictments may be amended without leave of the grand jury only where the amendment is to form and not substance. Spann v. State, 771 So.2d 883, 898(¶ 44) (Miss.2000). To be permissible, amendments to indictments must not "materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Griffin v. State, 584 So.2d 1274, 1275 (Miss.1991). Bridges was on notice of the crime charged and has not exhibited how this instruction altered a defense to the crime charged. Bridges's contention that the indictment was substantively amended by the trial court's instructions is meritless.
¶ 11. The State presented sufficient evidence for the jury to find that Bridges sold the drugs to Maxwell as well as the confidential informant. The confidential informant approached Bridges to purchase the controlled substance and inquired how much it would cost. Bridges informed the confidential informant of the price and the confidential informant returned to the car and was given the money by Officer Maxwell. The confidential informant while in view of Officer Maxwell returned to Bridges and exchanged the money for the substance. Upon returning to the car after the exchange and prior to leaving Bridges's house, the confidential informant gave the substance to Officer Maxwell. Clearly, Bridges knew or should have known that both the confidential informant and Maxwell were buying the controlled substance. There was sufficient evidence submitted by the State to prove that Bridges sold a controlled substance to Maxwell and another individual. The trial court did not err in denying Bridges's motion for directed verdict. For the same reasons, the trial court did not err in denying Bridges's requested not guilty peremptory instruction as there was sufficient evidence for the jury to find him guilty of the crime charged. This issue is without merit.

*756 CONCLUSION
¶ 12. The trial court did not abuse its discretion in denying Bridges's motion for continuance. Bridges's attorney was provided sufficient notice of the trial setting and had ample opportunity to resolve any conflict with his schedule. The trial court properly denied Bridges's motion to dismiss for failure to prosecute as the State proved that the prosecution began against Bridges less than two years after the crime was committed. The trial court correctly admitted the controlled substance into evidence. The evidence presented at trial was sufficient to prove that Bridges did sell a controlled substance, crack cocaine, to Officer Steve Maxwell.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FINE OF $1,000,000, RESTITUTION OF $425 TO THE MISSISSIPPI CRIME LAB AND SURRENDER DRIVER'S LICENSE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.