¶ 1. Steven Brownlee stood before the Desoto County Circuit Court and faced three charges: (1) Conspiracy to Commit Grand Larceny; (2) Possession of Larceny Tools; and (3) Attempt to Commit Grand Larceny. The jury acquitted Brownlee of attempt to commit grand larceny, but found Brownlee guilty of conspiracy to commit grand larceny and possession of larceny tools. Brownlee filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial. The trial court denied that motion. For conspiracy to commit grand larceny, the circuit court sentenced Brownlee to five years in the custody of the Mississippi Department of Corrections, but suspended three years of the sentence, leaving two years remaining. As for possession of larceny tools, the circuit court sentenced Brownlee to five years, but suspended the sentence pending good behavior. Though the trial court suspended the sentence for possession of larceny tools, the trial court fixed the sentences to run consecutively. Aggrieved, Brownlee appeals and asserts the following issues:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION FOR DIRECTED VERDICT AS THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF EACH OF THE CRIMES CHARGED, NAMELY THAT THE ATTEMPTED TAKING OF PROPERTY WAS "AGAINST THE WILL OF" OR "WITHOUT THE CONSENT OF" THE OWNER.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT A LESSER-INCLUDED OFFENSE JURY INSTRUCTION IN TRESPASS.
 III. THE TRIAL COURT ERRED IN INVOKING A SENTENCE GROSSLY DISPROPORTIONATE TO THE CRIME CHARGED AND CONSTITUTING CRUEL AND UNUSUAL TREATMENT.
Finding no error, we affirm the decision of the circuit court.
 FACTS ¶ 2. At approximately 2:00 a.m. on April 15, 2002, Officer Nick Woolsey of the Hernando Police Department was dispatched to Cars Unlimited, an auto sales lot. Upon arrival, Woolsey saw two men removing tires and rims from a Ford automobile. Woolsey watched the men for *Page 1002 
three to five minutes while he waited on another officer to arrive.
 ¶ 3. Sergeant Shane Ellis, also of the Hernando Police Department, parked his car behind Cars Unlimited, turned his lights off, and walked up the hill to the suspects' hidden vehicle. With Ellis in place, Woolsey tried to get closer to the suspects, but they spotted him. When the suspects spotted Woolsey, Woolsey ordered them to stop. Instead, the suspects ran to their car-where Ellis was waiting. When Ellis ordered the suspects to stop, they split up and ran. Ellis chased and caught one suspect, Steven Brownlee, hiding in the kudzu. The other suspect got away.
 ¶ 4. A search of Brownlee yielded a screwdriver and a small flashlight. Ellis and Woolsey inspected the Ford that the suspects were near. The Ford was jacked up on both sides and a four-way lug wrench was on the ground near the passenger side of the car. In the suspects car, Ellis saw a tire that matched the other tires on the jacked-up Ford — even the rims were the same. Mike Pounders, manager of Cars Unlimited, testified that the Ford, owned by the business, was intact when he left for the night on April 14, 2002.
 ANALYSIS I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION FOR DIRECTED VERDICT AS THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF EACH OF THE CRIMES CHARGED, NAMELY THAT THE ATTEMPTED TAKING OF PROPERTY WAS "AGAINST THE WILL OF" OR "WITHOUT THE CONSENT OF" THE OWNER.
 ¶ 5. A motion for directed verdict challenges the sufficiency of the evidence. Edwards v. State, 797 So.2d 1049 (¶ 14) (Miss.Ct.App. 2001). When one appeals and challenges the sufficiency of the evidence, this Court reviews that evidence in the light most favorable to the State. Id. (quoting McClain v.State, 625 So.2d 774, 778 (Miss. 1993)). We reverse only if the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id. (citations omitted).
 ¶ 6. Brownlee argues that the circuit court should have granted his motion for directed verdict because out of the three witnesses that testified for the State, none of those witnesses testified that the alleged taking was without the consent of or against the will of the owner. Brownlee's theory centers on the notion that there must be some evidence or testimony that he lacked permission to take the property, otherwise one must assume that he had permission. This argument lacks merit.
 ¶ 7. Before going into too much depth on this issue, we note that Brownlee was convicted of conspiracy to commit grand larceny and possession of larceny tools. Conspiracy is a recognition by at least two people that they have a common plan or agreement to commit a crime and the intent to further their common purpose.Newell v. State, 754 So.2d 1261 (¶ 11) (Miss.Ct.App. 1999) (citations omitted). A conspiracy agreement may be inferred from the circumstances, thus conspiracy may be established by circumstantial evidence. Id.
 ¶ 8. One proves possession of larceny tools by showing (1) adaptation and design of the tool for taking and carrying away the property of another, (2) possession of such tools by one with knowledge of their character, and (3) a general intent to use or employ them in taking and carrying *Page 1003 
away another's property. See Pamphlet v. State, 271 So.2d 403
(Miss. 1972).
 ¶ 9. Neither conspiracy to commit grand larceny, nor possession of larceny tools requires proof of a "taking" — permissive or otherwise. Failure to prove that the attempted taking was without consent implies an element of attempted grand larceny, for which Brownlee was acquitted. Even if it were necessary to prove lack of owner consent, resolution of that issue is irrelevant to Brownlee's conviction for conspiracy to commit grand larceny and possession of larceny tools. Accordingly, there can be no error for lack of proof of a taking without consent if it is not even necessary to demonstrate a taking.
 ¶ 10. For the sake of closure, we assume arguendo that some degree of proof indicating lack of owner consent is necessary. The evidence showed that Brownlee and the other unidentified conspirator (1) hid their car, (2) attempted to remove tires from a vehicle in a car lot at two o'clock in the morning, and (3) tried to escape when confronted by authorities. Combined with the fact that no witness testified that Brownlee did have
permission to remove the tires, a jury could reasonably infer that Brownlee lacked permission or consent. Regardless, that the State did not present direct testimony that Brownlee lacked consent is irrelevant. Neither of the crimes under which Brownlee was convicted depend upon a positive showing of such.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT A LESSER-INCLUDED OFFENSE JURY INSTRUCTION IN TRESPASS.
 ¶ 11. Brownlee requested a lesser-included offense instruction on trespass and argued that while the State's proof indicated attempted grand larceny, the same evidence could prove trespass, as well. The circuit court declined to instruct the jury according to Brownlee's request. Brownlee argues that the decision was erroneous because the jury did not hear evidence that indicated lack of owner consent. Thus, Brownlee draws the conclusion that the jury could have found that Brownlee was merely trespassing and had no intent to commit grand larceny.
 ¶ 12. We cannot see how Brownlee experienced prejudice from the trial court's decision. Again, Brownlee was not convicted of attempted grand larceny. How could Brownlee experience prejudice where the trial court did not grant a lesser included offense instruction if Brownlee was not convicted of the "greater offense" that implies that lesser included offense? Accordingly, Brownlee suffered no prejudice due to the circuit court's denial of Brownlee's requested instruction. This issue is meritless.
 III. THE TRIAL COURT ERRED IN INVOKING A SENTENCE GROSSLY DISPROPORTIONATE TO THE CRIME CHARGED AND CONSTITUTING CRUEL AND UNUSUAL TREATMENT.
 ¶ 13. Brownlee argues that his sentence is grossly disproportionate to the crimes charged because he had no prior felony convictions and that there are many more serious crimes for which he would have received a lesser sentence. This argument is not well-taken.
 ¶ 14. This Court will generally refrain from disturbing a sentence unless it exceeds the statutory limits as prescribed by law. Edwards v. State, 615 So.2d 590, 597 (Miss. 1993). Section 97-17-35 of the Mississippi Code sets the penalty for possession of larceny tools. That Section sets the penalty for violation at a maximum of five years within the custody *Page 1004 
of the MDOC. Miss. Code Ann. § 97-17-35 (Rev. 2000). Conspiracy to commit grand larceny is codified at Section 97-1-1 of the Mississippi Code. A violation carries a sentence of no more than five years. Miss. Code Ann. § 97-1-1 (Rev. 2000). Accordingly, this Court would disturb Brownlee's sentence if Brownlee received a sentence greater than five years for either one of his two convictions.
 ¶ 15. For conspiracy to commit grand larceny, Brownlee was sentenced to five years, with three suspended. For possession of larceny tools, the circuit court sentenced Brownlee to five years with all five suspended. As it currently stands, Brownlee is sentenced to a total sentence of two years for both crimes. Thus, Brownlee's sentence is clearly within statutory limits and is not disproportionate to the crimes for which he was convicted.
 ¶ 16. THE JUDGMENT OF CIRCUIT COURT OF DESOTO COUNTY OFCONVICTION OF COUNT I OF CONSPIRACY TO COMMIT GRAND LARCENY ANDSENTENCE OF FIVE YEARS WITH FIVE YEARS SUSPENDED; COUNT II OFPOSSESSION OF LARCENY TOOLS AND SENTENCE OF FIVE YEARS WITH THREESUSPENDED, WITH SENTENCES TO RUN CONSECUTIVELY, ALL IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE. P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.