911 So.2d 589 (2005)
Timothy L. CARR, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02152-COA.
Court of Appeals of Mississippi.
September 13, 2005.
William F. Vick, Jackson, attorney for appellant.
Office of the Attorney General by Deirdre McCrory attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. Timothy L. Carr was convicted in the Circuit Court of Rankin County of statutory rape and was sentenced to thirty years in the custody of the Mississippi Department of Corrections. Carr was required to serve twenty-five years of the thirty-year sentence and was given five years of supervised post-release supervision. Aggrieved, Carr now appeals, asserting a single issue: the circuit court erred in denying the defendant's motion for a judgment notwithstanding the verdict, or in the alternative a new trial.

FACTS
¶ 2. On April 9, 1999, T.B.L[1]., a fifteen year old female, went with some friends to see a play and a movie. When she arrived *590 home during the early morning hours of April 10, she went next door to her cousin's, Timothy Carr, house to pick up her little brother. After she picked up her brother, she went home, locked the door, and began to wash clothes.
¶ 3. Shortly thereafter, Carr entered T.B.L's house and came into the kitchen. T.B.L. did not hear any knocks on the door or the door bell ring but she believed that her brother let Carr in the house. T.B.L. testified that she met Carr in the kitchen and that Carr did not say anything but backed her into the wash room where she had been and started pulling down her clothes. T.B.L. said that she did not holler or scream but that she tried to push Carr away. T.B.L. further testified that Carr "pulled his clothes down and made inside of me." When asked what Carr used to go inside of her with, T.B.L. replied "his penis." T.B.L. stated that after the incident occurred, Carr left, and she locked the door and took a shower. T.B.L. testified that at the time of the incident, she was fifteen and that Carr was thirty-six or thirty-seven. T.B.L. further testified that as a result of the rape, she became pregnant and that she terminated the pregnancy.
¶ 4. Dr. R.W. Scales, director of Scales Biological Laboratory, testified that DNA testing of blood from both T.B.L. and Carr and a fetal tissue sample determined that by a 99.99 percent inclusion that Carr was the father of T.B.L.'s aborted child.

STANDARD OF REVIEW
¶ 5. The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV is identical. Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003) (citing Coleman v. State, 697 So.2d 777, 787 (Miss.1997)). A motion for a JNOV, as well as a motion for a directed verdict and request for a peremptory instruction, challenges the legal sufficiency of the evidence. Hawthorne, 835 So.2d at 21(¶ 31) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). "On the issue of legal sufficiency, reversal can only occur when evidence of one or more of the elements of the charged offense is such that `reasonable and fairminded jurors could only find the accused not guilty.'" Hawthorne, 835 So.2d at 21(¶ 31) (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).
¶ 6. A motion for a new trial implicates the discretion of the trial judge in denying the motion, and we will not reverse unless there has been an abuse of discretion such that to allow the verdict to stand will sanction an unconscionable injustice. Johnson v. State, 904 So.2d 162, 167(¶ 11) (Miss.2005)

ANALYSIS AND DISCUSSION
¶ 7. Carr argues that no evidence was presented at trial that proved that penetration actually occurred as required by section 97-3-65 of the Mississippi Code of 1972 as amended. In support of this argument, Carr directs our attention to Pittman v. State, 836 So.2d 779, 786 (Miss.Ct.App.2002), where we Court reversed the conviction of statutory rape where the State failed to produce sufficient evidence that penetration actually occurred as required by the statute. Pittman offers Carr no assistance. In Pittman, the victim stated that Pittman made no attempt to penetrate her with his penis. However, in the case sub judice, direct evidence of penetration was presented. T.B.L. testified that Carr "pulled his clothes down and made inside of me." When asked what Carr used to go inside of her with, T.B.L. replied "his penis." Additionally, T.B.L. testified that as a result of the incident she became pregnant and aborted the fetus. DNA testing of blood samples and fetal tissue indicated that there is a 99.99 percent *591 probability that Carr was the father of T.B.L's aborted child.
¶ 8. Consequently, we find that there was sufficient evidence presented by the State for reasonable and fairminded jurors to find Carr guilty of statutory rape, and at the same time, allowing the verdict to stand will not sanction an unconscionable injustice. Therefore, there was no abuse of discretion on the part of the trial judge in denying Carr's motion for a new trial. The judgment of the circuit court is affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWENTY-FIVE YEARS TO SERVE AND FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] T.B.L. is an alias which we employ to protect the identity of the minor victim.