DICKINSON, Presiding Justice,
dissenting:
¶ 18. Because the State presented sufficient evidence to sustain a conviction for possession of burglary tools, I respectfully dissent.
¶ 19. When we review the sufficiency of the evidence to support a criminal conviction, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which may be drawn from the evidence.[2] Because this case involves the possession of ordinary tools — as opposed to tools specifically designed to effectuate burglaries — the majority concludes that the State failed to prove felonious intent by showing “either that the tools have probably been recently used for the purpose of unlawfully breaking and entering or that they are about to be used for such purpose.”[3]
¶ 20. But the majority errs by ignoring the considerable circumstantial evidence of felonious intent presented by the State. Dearing located Derrick Henley trespassing on the property of Central Mississippi Recycling in the middle of the night. Henley was driving around the property with his headlights off, and the property’s main entrance gate — a gate that ordinarily is closed at the end of the work day — had been loosened to allow entry. When Henley saw Dearing, Henley attempted to leave the property, coming to a stop three hundred yards from the entrance, where Dearing found Henley in possession of pliers, bolt cutters, screwdrivers, wrenches, and a socket set.
¶ 21. Henley attempted to explain his presence on the property by claiming that he needed a place to turn around. But a reasonable jury could find that the State refuted Henley’s story with the circumstantial evidence stated above. And while the majority is correct to state that a mechanic may very well have all of the tools Henley possessed in his car, a reasonable jury could find an innocent explanation unreasonable because Henley possessed those tools while trespassing in the middle of the night. Further, the jury was justified in finding criminal intent from the fact that Henley attempted to leave the property upon seeing law enforcement personnel.
¶ 22. This Court repeatedly has held that the State may prove the intent to distribute a controlled substance through nothing more than the amount possessed.[4] Certainly, the plethora of incriminating circumstantial evidence in this case is sufficient.
RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. Bateman v. State, 125 So.3d 616, 623, 624 (Miss.2013).

. Maj. Op. ¶ 10 (quoting Pamphlet v. State, 271 So.2d 403, 405 (Miss.1972)) (citing McCollum v. State, 197 So.2d 252 (Miss.1967)).

. Keys v. State, 478 So.2d 266, 268 (Miss.1985) (citing Bryant v. State, 427 So.2d 131, 132 (Miss.1983)).